| | |
|---|---|
| United States of America, | Case No. 12-CR-309 (DSD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Khemall Jokhoo, also known as Kenny Jokhoo, also known as Kevin Smith, also known as Kevin Day, also known as Mike Lee, | |
| Defendant. | |

Lola Velazquez-Aguilu, Esq., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant Khemall Jokhoo's ("Jokhoo") Motion to Suppress Search and Seizure of Evidence (Mot. to Suppress Search & Seizure of Evidence, "Jokhoo's Pre-Hearing Motion") [Doc. No. 42]. This matter has been referred to the undersigned for the resolution of the issues raised in Johkoo's Pre-Hearing Motion regarding the January 28, 2013, search application and warrant issued for belongings stored in Jokhoo's room at the Quality Inn in Savage, Minnesota (the "Quality Inn warrant").[1] Magistrate Judge Keyes addressed Jokhoo's motions to suppress

---

[1] *See* (Report and Recommendation dated May 3, 2013, "Keyes R&R") [Doc. No. 56 at 11 n.2] (stating that the undersigned "will issue a separate Report and Recommendation assessing [Jokhoo's] challenge with respect to [the Quality Inn] warrant."); *see also* (Tr. of Apr. 10, 2013 Hr'g, "Tr.") [Doc. No. 50 at 8:14–9:6] (noting that Magistrate Judge Jeffrey J. Keyes may have another magistrate review the Quality Inn warrant).

evidence seized pursuant to two subpoenas and two other search warrants, as well as additional motions, in a separate Report and Recommendation. (Keyes R&R).

I.   BACKGROUND

The Court held a hearing on Jokhoo's Motions on April 10, 2013, before Magistrate Judge Keyes. At the hearing, the Court admitted several exhibits and heard testimony from United States Postal Inspector Troy Sabby ("Inspector Sabby"). The issue before the undersigned is Jokhoo's challenge to the search application and warrant issued for the belongings stored in Jokhoo's room at the Quality Inn in Savage, Minnesota. The only evidence related to the Quality Inn warrant presented to the Court was a Government exhibit containing the application, the supporting affidavit, a list of items to be seized and searched, the warrant, and the return. (Tr. at 8:14–25). The parties filed supplemental briefing at the Court's direction. *See* (Jokhoo's Mem. Law on Def.'s Pretrial Mots., "Jokhoo's Post-Hearing Mem.") [Doc. No. 52]; (Gov't's Post-Hr'g Mem. in Opp'n Def.'s Pretrial & Disc. Mots.) [Doc. No. 53]. The Keyes R&R describes the facts and challenges to the other warrants, subpoenas, and searches; that information is not relevant to the undersigned's review of the Quality Inn warrant.

On December 18, 2012, a grand jury returned an indictment for Jokhoo for eleven counts of bank fraud, nine counts of mail fraud, three counts of wire fraud, and eleven counts of aggravated identity theft. (Indictment) [Doc. No. 1]. The following facts are based on the affidavit submitted in support of the search warrant: Jokhoo was arrested on January 11, 2013, and the arresting officers recovered a key card for the Quality Inn in Savage, Minnesota. Quality Inn management confirmed that Jokhoo rented room 203 at its Savage location through January 16, 2013. On January 17, 2013, pursuant to its policy for removing abandoned property for unpaid rent, Quality Inn management entered room 203 and collected Jokhoo's personal effects.

Management subsequently notified Inspector Sabby that it saw a computer, a printer, blank check stock, and checks in names other than Jokhoo's, including checks in the name of one of the victims named in the indictment. The next day, Quality Inn management contacted Inspector Sabby to tell him Jokhoo called the hotel and said he planned to send someone to retrieve the items left in his hotel room. At 2:30 p.m. on the same day, Inspector Sabby retrieved the items from the Quality Inn and secured them in a United States Postal Service Inspection Service locker.

Later on January 18, 2013, Magistrate Judge Keyes issued the search and seizure warrant based on the facts described above as detailed in the affidavit accompanying the search warrant application. According to the return, Inspector Sabby and United States Postal Inspector Barry Bouchie executed the search warrant and seized several items the same day.

## II. DISCUSSION

### A. Legal Standard

Jokhoo moves this Court to suppress the evidence obtained as a result of the Quality Inn warrant, arguing the search warrant fails to establish probable cause and violated the Fourth Amendment. (Jokhoo's Pre-Hearing Mot. ¶ 4). Specifically, Jokhoo alleges the information relied on in the search warrant application is stale and vague. (Jokhoo's Post-Hearing Mem. at 3, 7). Additionally, Jokhoo argues the Quality Inn staff acted on behalf of and as an instrument of the Government. (*Id.* at 8).

A reviewing court determines whether probable cause exists based on "the information before the issuing judicial officer[,]" and affords "great deference to the issuing judge's determination . . . ." *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (internal citations and quotations omitted). Where no evidence outside of the affidavit is submitted at an

evidentiary hearing, "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (internal citations and quotations omitted). Probable cause is found when, in considering a totality of the circumstances, the "affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found . . . ." *Id.* "[P]robable cause is a fluid concept[,] turning on the assessment of probabilities in particular factual contexts . . . ." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

"[P]robable cause must exist at the time of the search and not merely at some earlier time." *United States v. Kennedy*, 427 F.3d 1136, 1141 (8th Cir. 2005) (internal citations omitted). Delay "may make probable cause fatally stale," but timing "is not always the controlling factor." *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir. 1995). Because "[t]here is no fixed formula for determining when information has become stale[,] . . . the timeliness of the information depends on the circumstances of the case . . . ." *Kennedy*, 427 F.3d at 1141 (internal citations and quotations omitted). Factors to be considered include "the nature of the criminal activity involved and the kind of property subject to the search." *Maxim*, 55 F.3d at 397 (internal citation and quotations omitted). Probable cause may exist "where recent information corroborates otherwise stale information." *United States v. Ozar*, 50 F.3d 1440, 1446 (8th Cir. 1995).

Jokhoo has the burden to prove that the search violated his expectation of privacy in violation of the Fourth Amendment. *United States v. Hoey*, 983 F.2d 890, 892 (8th Cir. 1993). Courts engage in a two-part inquiry to determine whether a defendant has a constitutionally protected expectation of privacy. *Id.* (internal citation omitted). Jokhoo must show that he has

"a reasonable expectation of privacy in the areas searched or the items seized[]" and "that society is prepared to accept the expectation of privacy as objectively reasonable." *Id.* (internal citation omitted). A private citizen's search is not subject to Fourth Amendment constraints, unless the citizen is acting as a government agent. *United States v. Smith*, 383 F.3d 700, 705 (8th Cir. 2004).

B. Analysis

Under the deferential standard applied to reviewing search warrants for probable cause, this Court concludes the Quality Inn warrant was supported by probable cause and the evidence should not be suppressed. Despite Jokhoo's allegation that the Quality Inn warrant lacks probable cause because it is based on stale and vague information, neither Jokhoo's Pre-Hearing Motion nor his Post-Hearing Memorandum points to any specific information contained in the search warrant application or accompanying affidavit that is stale.[2] (Def.'s Post-Hearing Mem. at 7). In contrast, the affidavit submitted in support of the search warrant application mentions several facts demonstrating, due to the nature of the criminal activity and the property at issue, the warrant application contained recent information.

For example, as described in the Indictment and the supporting affidavit, on December 18, 2012, thirty-one days before the search warrant application, a grand jury indicted Jokhoo on multiple counts of bank fraud, mail fraud, wire fraud, and aggravated identity theft. *See* (Indictment). The affidavit explains Jokhoo fraudulently represented himself to financial institutions using real individuals' identities. The affidavit further states Quality Inn management informed Inspector Sabby on January 17, 2013, that it observed a computer, printer, blank check stock, and checks in names other than the Jokhoo's, including the name of one

---

[2] Jokhoo makes the same argument for all warrants issued after September 2009.

victim named in the indictment. Therefore, even if the affidavit contained stale information as to Jokhoo's alleged criminal conduct, Quality Inn's January 17, 2013, statement to Inspector Sabby regarding the contents of Jokhoo's belongings found in room 203 corroborates the information given in the indictment dated December 12, 2012. *See Ozar*, 50 F.3d at 1446 (stating that probable cause may be found "where recent information corroborates otherwise stale information").

In his post-hearing memorandum, Jokhoo also claims Quality Inn was acting on behalf of and as an instrument of the Government. (Jokhoo's Post-Hearing Mem. at 8). Even if Quality Inn management was acting on behalf of the government—a characterization with which this Court does not agree—Jokhoo first must show that he had a reasonable expectation of privacy. *Hoey*, 983 F.2d at 892. Jokhoo cannot meet this burden. This Circuit has found repeatedly that when an individual's rental agreement has expired, that person no longer has a reasonable expectation of privacy with respect to the place or objects stored in the rental unit. *See, e.g.*, *United States v. Perez-Guerrero*, 334 F.3d 778, 782 (8th Cir. 2003) (finding that although the defendant's lawful arrest prevented him from returning to a motel and retrieving his belongings before the rental agreement lapsed or renewing his rental agreement, his Fourth Amendment rights were not violated); *United States v. Reyes*, 908 F.2d 281, 286 (8th Cir. 1990) (holding that defendant did not have standing "to contest a warrantless search of a rented locker which took place after the rental period had expired[,] even when [the defendant] was prevented from renewing the rental period or removing the locker's contents because of his lawful arrest.").

As Jokhoo's rental of room 203 expired on January 16, 2013, he no longer had a reasonable expectation of privacy when Quality Inn management entered the room on January 17, 2013, removed his belongings pursuant to its policy, and turned them over to Inspector Sabby

the next day. Because the Court finds Jokhoo did not have a reasonable expectation of privacy, it does not reach the issue of whether Quality Inn management was acting on behalf of or as an instrument of the Government.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Jokhoo's Motion to Suppress Search and Seizure of Evidence [Doc. No. 42] with respect to the Quality Inn warrant be **DENIED**.

Dated: May 20, 2013

                                               *s/Steven E. Rau*
                                               Steven E. Rau
                                               United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 3, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.