UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-309(DSD/JJK)

United States of America,

        Plaintiff,

v. **ORDER**

Khemall Jokhoo,

        Defendant.


This matter is before the court upon both the appeal and the objections filed by defendant Khemall Jokhoo. Jokhoo appeals the June 20, 2013, denial by Magistrate Judge Jeffrey J. Keyes of his motion to reopen the pretrial detention decision and objects to (1) the May 3, 2013, report and recommendation of Magistrate Judge Keyes and (2) the May 20, 2013, report and recommendation of Magistrate Judge Steven E. Rau. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the appeal, overrules the objections and adopts the reports and recommendations in their entirety.

**BACKGROUND**

The background of this matter is fully set out in the court's previous orders, and the court summarizes only those facts necessary for disposition of the instant motions. Jokhoo first seeks to suppress two statements he made to police. On December 1, 2009, Jokhoo was arrested for an unrelated crime by Apple Valley,

Minnesota police officers. Subsequent to being read his Miranda rights, Jokhoo answered several questions. See Hr'g Tr. 6:2-9. Additionally, on July 26, 2012, Jokhoo gave a statement to postal inspectors during the execution of a search warrant at Jokhoo's apartment in Burnsville, Minnesota. Id. at 11:5-6. While performing the search, postal inspector Troy Sabby asked Jokhoo if he would like to leave the apartment for a cup of coffee. Id. at 11:21-23. Sabby told Jokhoo, "[Y]ou're not under arrest. I'm not going to arrest you today. I'm just here to execute the search warrant. And ... if you want to go have some coffee, we're just going to have coffee and talk." Id. at 12:14-17. Jokhoo now seeks to suppress the comments he made to Sabby and another postal inspector while at a nearby coffee shop.

In addition, Jokhoo seeks to suppress evidence from (1) search warrants executed on September 1, 2009, and July 17, 2012, for Jokhoo's residence in Lonsdale, Minnesota; (2) a July 24, 2012, search warrant for the Burnsville apartment; (3) a February 7, 2013, administrative subpoena to Mediacom Communications Corporation; (4) a November 14, 2011, warrant for recordings from TelTech Systems telephone records and (5) a January 28, 2013, warrant for belongings stored in Jokhoo's hotel room at the Quality Inn in Savage, Minnesota.

On December 18, 2012, a 35-count indictment charged Jokhoo with bank fraud, mail fraud, wire fraud, aggravated identity theft

2

and false personation of an officer or employee of the United States.  See ECF No. 1.  On January 16, 2013, Jokhoo was released on bond.  As conditions of the release, Jokhoo was required to surrender his passport and maintain residence at a halfway house.  ECF No. 10 ¶ 7.

At a February 28, 2013, detention hearing, Magistrate Judge Janie S. Mayeron found that Jokhoo had violated the conditions of his release, and ordered Jokhoo detained.  On April 1, 2013, the court denied Jokhoo's motion to amend or revoke the detention order.  On May 28, 2013, Jokhoo moved to reopen the detention decision.[1]  Magistrate Judge Keyes orally denied the motion at a hearing on June 10, 2013, and Jokhoo appeals that denial.[2]

---

[1] Subsequent to the April 1, 2013, order, the court granted then-counsel Derk Schwieger's motion to withdraw as attorney.  ECF No. 54.  An attorney from the federal defender's office was appointed as counsel for Jokhoo on May 10, 2013.  ECF No. 57.

[2] Jokhoo also objects to the magistrate judge's denial of his motion to sever counts.  In the objection, Jokhoo raises no new arguments regarding the motion to sever.  Instead, Jokhoo purports to "preserve[] this issue for trial upon completion of investigation and review of discovery."  Def.'s Objection 6.  As a result, the court overrules the objection and denies the motion to sever.  The court will entertain a renewed motion to sever should the matter proceed to trial.

## DISCUSSION

### I. Denial of Motion to Reopen Detention Decision

Jokhoo first appeals the denial of his motion to reopen the detention decision. Under 18 U.S.C. § 3142(f)(2)(B), a detention decision

> may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Eighth Circuit has not addressed the standard of review that governs where, as here, a defendant appeals the denial of a motion to reopen. Even assuming de novo review, however, the court finds that the magistrate judge correctly concluded that reopening the detention decision is not warranted.

Jokhoo argues that the magistrate judge erred by not reopening the detention decision. Specifically, Jokhoo argues that his proposal to live with his mother is new evidence that warrants reconsideration of the detention decision. Even if such a plan presents new evidence, the magistrate judge correctly concluded that Jokhoo was already terminated from his period of confinement at the halfway house, and release to a *less* restrictive environment

4

than previously imposed is not warranted. As a result, Jokhoo has presented no new evidence to suggest that the detention decision should be reopened.

**II. Objections to Reports and Recommendations**

Jokhoo next objects to the reports and recommendations. Specifically, Jokhoo argues that the search warrants and administrative subpoena lacked probable cause and that the December 2009 and July 2012 statements to police should be suppressed. As to these objections, the court applies a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

**A. Search Warrants**

Jokhoo argues that the search warrants and the administrative subpoena lacked probable cause. Specifically, Jokhoo argues that the warrants and subpoena were based on stale information and conclusory allegations and failed to establish a sufficient nexus between the allegations and the places to be searched.[3] The court agrees with the magistrate judges' determinations that the warrants

---

[3] Jokhoo also argues that the magistrate erred in finding that he had abandoned his hotel room at the Quality Inn, the subject of one of the warrants. See Def.'s Objections 5. This argument, however, is unpersuasive. See, e.g., United States v. Reyes, 908 F.2d 281, 286 (8th Cir. 1990) ("[A] defendant has no standing to contest a ... search of a rented locker which took place after the rental period had expired even when he was prevented from renewing the rental period or removing the locker's contents because of his lawful arrest.").

5

and administrative subpoena were based on probable cause and that suppression is not warranted.

Even if the warrants were defective, however, the evidence would still be admissible under the good-faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 920-21 (1984). "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Hager, 710 F.3d 830, 837 (8th Cir. 2013) (citation and internal quotation marks omitted).

> The good-faith exception does not apply in four circumstances: (1) when the issuing judge is misled by information in the affidavit the affiant knows or should know is false; (2) when the issuing judge completely abandons his judicial role; (3) when the affidavit includes so little indicia of probable cause that official belief in its existence is entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

United States v. Hessman, 369 F.3d 1016, 1020 (8th Cir. 2004) (citations omitted). Jokhoo has not met his burden to show any of these circumstances. As a result, suppression is not warranted, and the objections are overruled.

### B. December 2009 Statement

Jokhoo next argues that the Miranda warning given prior to his 2009 statement to the Apple Valley Police was not sufficient and

that the interrogation was coercive. In his objections, however, Jokhoo does not explain how the given Miranda warning was defective or lacking or how the interrogation was coercive. After a de novo review, the court determines that the magistrate judge correctly concluded that the Miranda warnings were complete, that Jokhoo's waiver of his rights was knowing and voluntary and that the interrogation was not coercive.

**C.    July 2012 Statement**

Finally, Jokhoo argues that his statements to postal inspectors at the coffee shop should be suppressed. Specifically, Jokhoo argues that the meeting was custodial and the "functional equivalent" of an arrest and that he should have been given a Miranda warning. The court disagrees. The need for a Miranda warning is triggered only when a suspect is subject to custodial interrogation. United States v. Czichray, 478 F.3d 822, 826 (8th Cir. 2004). "[T]he most obvious and effective means of demonstrating that a suspect has not been taken into custody ... is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will." Id. (second alteration in original) (citations and internal quotation marks omitted).

Here, the postal inspectors informed Jokhoo that he was not under arrest and would not be taken into custody. As a result, the meeting at the coffee shop was not custodial, and no Miranda

7

warning was required. Therefore, suppression of these statements is not warranted, and the objections are overruled.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The objections to the reports and recommendations [ECF No. 61] are overruled;

2.  The reports and recommendations [ECF Nos. 56, 59] are adopted in their entirety;

3.  The motions to suppress [ECF Nos. 41, 42] are denied;

4.  The motion to sever counts [ECF No. 44] is denied; and

5.  The appeal of the magistrate judge's detention decision [ECF No. 77] is denied.

Dated: July 11, 2013

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court