UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-309(DSD/JJK)

United States of America,

            Plaintiff,

v.                                                          **ORDER**

Khemall Jokhoo,

            Defendant.


    Lola Velazquez-Aguilu, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Khemall Jokhoo, #16804-041, FCI Williamsburg, Inmate Mail, P.O. Box 220, Salters, SC, defendant pro se.


This matter is before the court upon the pro se motion by defendant Khemall Jokhoo to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

On November 5, 2013, a jury convicted Jokhoo on eleven counts of Bank Fraud, in violation of 18 U.S.C. § 1344; nine counts of Mail Fraud, in violation of 18 U.S.C. § 1341; two counts of Wire Fraud, in violation 18 U.S.C. § 1343; nine counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; and one count of False Personation of an Officer or Employee of the United States,

in violation of 18 U.S.C. § 912.  On August 20, 2014, the court sentenced Jokhoo to 175 months' imprisonment.   Jokhoo timely appealed, and on December 1, 2016, the Eighth Circuit Court of Appeals affirmed his sentence.   Jokhoo now moves to vacate his sentence, arguing that (1) the court lacked subject matter jurisdiction; and (2) his trial counsel was ineffective.

**DISCUSSION**

**I.   Subject Matter Jurisdiction**

Although hard to follow, Jokhoo seems to argue that the court did not have jurisdiction over his offenses because they were committed on state, rather than federal, property.  This claim is baseless.  Jokhoo was charged with several federal offenses, "and 18 U.S.C. § 3231 ... provides district courts with original jurisdiction of all violations of federal law."  United States v. Watson, 1 F.3d 733, 734 (8th Cir. 1983); see also 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

Jokhoo contends, however, that § 3231 was never properly passed by Congress.   He points out that the House of Representatives passed the bill containing § 3231 during the first session of the 80th Congress in 1947, and the Senate passed the bill in the second session of the 80th Congress in 1948.  Jokhoo

argues that the bill died during the recess between the two sessions.

This argument has been rejected by several judges in this district.   See, e.g., Olson v. Wilson, No. 15-1656, 2015 WL 3397963, at *3-4 (D. Minn. May 26, 2015) (rejecting claim that § 3231 is invalid); United States v. Whitefeather, No. 05-388, 2009 WL 2901199, at *2 (D. Minn. Sept. 2, 2009) ("[T]he Court knows of no presiding United States District Court Judge who has accepted [the argument that § 3231 was never properly enacted]."); United States v. Schultz, No. 03-08(02), 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007) (same).  Further, another court thoroughly examined this argument and concluded that the recess did not extinguish the pending legislation.  See Derleth v. United States, No. L-03-1745-6, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006).   The court sees no reason to depart from the holdings in those cases.  As a result, the court had subject matter jurisdiction over Jokhoo's offenses.

## II.  Ineffective Assistance of Counsel

Jokhoo argues that his counsel was ineffective for failing to challenge the court's subject matter jurisdiction.  To establish a claim of ineffective assistance of counsel, Jokhoo must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Jokhoo must show that his counsel's performance was so deficient that it fell below the level of representation

3

guaranteed by the Sixth Amendment.  Id. at 687.  Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Id. at 694.  An attorney is not ineffective for failing to file motions that are "frivolous beyond any reasonable doubt."  United States v. Hart, 557 F.2d 162, 163 (8th Cir. 1977).  As already discussed, a motion challenging the court's jurisdiction on the grounds presented by Jokhoo would have been frivolous.  As a result, Jokhoo has failed to show that his trial counsel's performance was deficient.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  The court is firmly convinced that Jokhoo's sentence was constitutional and that reasonable jurists could not differ on the result.  As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 165] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 1, 2017


s/David S. Doty_____
David S. Doty, Judge
United States District Court